UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRAACKR, INC., a Corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>JESSE LEIMGRUBER, an individual; PJ LEIMGRUBER aka P.J. LEIMGRUBER aka PETER J. LEIMGRUBER; MISHA TALAVERA, an individual; BRIAN SOREL, an individual; NEOREACH, an unincorporated association; RANK EXECUTIVES INCORPORATED, a Florida corporation; and DOES 1 through 25, inclusive,<br><br>              Defendants. | Case No. 14-cv-02920 NC<br><br>**ORDER DENYING TRAACKR'S MOTION TO FILE PORTIONS OF THE COMPLAINT UNDER SEAL**<br><br>Re: Dkt. No. 2 |

   Plaintiff TRAACKR, INC. moves the Court for an order authorizing the sealing of portions of its complaint. Dkt. No. 2. The complaint alleges that defendants are associated with a direct competitor of TRAACKR and have launched three different internet attacks on TRAACKR, misappropriating confidential and proprietary data and trade secret information. Dkt. No. 1. Having reviewed the materials submitted by TRAACKR in connection with its motion, the Court finds that TRAACKR has not shown good cause for the proposed sealing.

Case No. 14-cv-02920 NC
ORDER DENYING MOTION TO SEAL

1   There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Requests to file under seal must be "narrowly tailored," and "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b).

TRAACKR contends that the requested sealing is narrowly tailored and necessary to protect "highly confidential technical information" contained in the complaint. *Id.* Upon review of the complaint, however, the Court is not persuaded that the redacted portions warrant protection from public access. The portions proposed to be sealed contain information about *defendants*, including a press article which is by definition public. There is no adequate justification provided for treating this information as *plaintiff*'s confidential information. Additionally, TRAACKR has failed to articulate why the amount of damages it claims as a result of defendants' actions qualifies as a trade secret or other confidential information. While the portions of the complaint sought to be sealed include some information related to how TRAACKR determined that it was attacked as alleged in its complaint, that information is at a very high level of generality and TRAACKR has failed to articulate why the information should be treated as "highly competitive and confidential information." *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not establish good cause of the need for protection.). TRAACKR's arguments for sealing portions of the complaint are further undermined by the fact that some of the information sought to be sealed appears elsewhere in unredacted portions of the complaint.

Because TRAACKR has not made a sufficient showing to overcome the presumption of public access and justify sealing the complaint, its motion to seal is DENIED.

//

1  By July 9, 2014, TRAACKR must do one of the following (1) file a notice informing
2  the Court that it wishes to withdraw its complaint; (2) file an amended complaint; or (3) file
3  the unredacted complaint in the public record.

4  IT IS SO ORDERED.

5  Date: June 26, 2014

                                          Nathanael M. Cousins
6                                            United States Magistrate Judge